Mr. Peterson appeals the decision of the Veterans Court on two issues. First, whether or not the Veterans Court relied upon a misinterpretation of 38 U.S.C. 7104A, and secondly, whether or not the Veterans Court relied upon a misinterpretation of the prior version of 38 C.F.R. 3. I don't know why you rely on misinterpretation, but isn't this basically a Q case fact? Well, it is certainly a Q case, Your Honor, but it is not a factual matter. This is a clear question of law. Every appellant who seeks to revise a decision of the VA based upon an allegation of clear and unmistakable error must make a specific pleading. He made a specific pleading. That specific pleading was ignored by the board. It would also depend on whether it was outcome determinative, which is also fact. That's a factor in determining whether or not there was or was not a clear and unmistakable error, Your Honor. But our position is that you can't get to outcome determinative if you don't consider the specific allegation. How do you make a determination that it cannot be outcome determinative if you haven't looked at the applicable provisions of law? They acknowledged the applicable provisions of law and simply said that they don't apply to the effective date for the award of a total rating based upon unemployability. But the issue under 3.156B, formerly 3.156A, is whether or not a claim remains pending because of the VA's receipt of new and material evidence within the appeal period. And that's precisely what happened in this case. The VA did receive new and material evidence within the appeal period, and that case then, the original claim in this matter from 1968, remained pending. So you cannot do a Q analysis unless you examine the provisions of 3.156, then A, in order to determine whether or not the new and material evidence received did or did not result in the claim being pending. That's fact too, isn't it? That is fact too, but it requires an examination. That's to our jurisdiction, I don't have to tell you. Well, some might argue whether I need counseling on that or not, but the point is that 3.156A does require consideration, and that's where the provisions of 7104A come into play because the board simply never considered and, most importantly, applied those provisions in its Q analysis. If they did not, that's a violation of 7104A. And if they treated, as they did in this case for purposes of outcome determinativeness, the question of effectiveness for the award of a total rating based on unemployability, then that was a misinterpretation of the applicable regulation. Because the applicable regulation goes to the pendingness of the original claim, not to effective date under 5110 or 3.4002. The factually ascertainable criteria used by the board and relied upon by the Veterans Court. Now, Mr. Carpenter, even if the claim remained pending, if as a matter of fact, as the board says, the medical evidence does not show that he was entitled to relief, if as a matter of fact he's not entitled to relief, how can it be a cue to have misread the statute or the regulation? Because the question is whether or not under the proper interpretation that this court did in bond of this provision of law, this regulation, to determine whether or not the new and material evidence received related to the claim that was pending. And the claim that was pending was the initial rating assigned. The initial rating assigned in this case was initially 10% and then increased to 30%. It remained at 30% until the time of this 1973 decision. And in the applicable appeal period from the rating decision in 1968, the VA received new and material evidence. That means that the board needed to determine whether or not the agency of original jurisdiction should have determined in 1973 whether there was a factual basis for a 50% rating or a 70% rating or a 100% rating to include a total rating based upon unemployability. But what the board did was they narrowed and limited that claim as though this claim were only about the effective date for the award of a total rating based upon unemployability because that's what they did in 1973. The ultimate determination here under the proper interpretation of this regulation is an examination as to whether or not the evidence of record indicated that this claim was or was not pending under this court's decision in bond. I'm not sure you answered my question. I apologize. Well, the board said flat out the evidence shows only one outcome. He is not entitled. Therefore, isn't everything else kind of unnecessary at best? No, Your Honor, because they examined this as is clear from the language of their decision in the narrow question of whether or not there was evidence in the one-year look-back window. Whether it was factually ascertainable in that one-year period that his condition entitled him to a total rating based upon unemployability. That's not the legal standard under 3.156, formerly A, now 3.156B. And that's where the board made its mistake. If veterans are imposed by statute and regulation to specifically plead an allegation of Q, then they have to be entitled to consideration of that applicable provision of law that they are basing their pleading on. Where in the record is it that they limited themselves to that one-year look-back, as you say? In the joint appendix at page 70, which would be page 12 of the board's decision, I believe that's the March 30, 2010 decision, in the first full paragraph. The board finds that in September 1973, the evidence clearly weighed against entitlement to TDIU earlier than June 27, 1973. In summary, the evidence does not show that the RO committed clear and unmistakable error in finding that the evidence did not warrant TDIU earlier than that date. That date is in the context of the allegation of Q from 1968 to 1973, not in the one-year look-back period. The one-year look-back period is specifically referred to by the board earlier. I think all that's saying is that he became unemployable when he went to the hospital. He went to the hospital in June. That's the time at which they made the call. That's when he was under their care. Are you reading too much into this sentence here? Well, I don't believe so, Your Honor, because in the decision that we're appealing, as opposed to the board decision, the court relies upon the factually ascertainable language in terms of the effective date based upon when it was factually ascertainable that he qualified for the rating. And the only rating that the board considered was TDIU. And if this was, in fact, a pending claim, as was alleged in his claim of clear and unmistakable error, then he was entitled to consideration of a 50% scheduler rating, a 70% scheduler rating, and a 100% scheduler rating, independent of whether he was entitled to a total rating based upon unemployability. So the Veterans Court relied upon a misinterpretation of the provisions of 3.156A as they existed in 1973. Unless there's further questions, I'll reserve the balance of my time for rebuttal. Let's hear from Ms. Wigger. May it please the Court. Your Honors, Mr. Peterson alleges that the Veterans Court erred as a matter of law by failing to properly apply Section 3.156. First, we do not believe that there is any error of law in the Veterans Court decision. But even if this Court were to find any error of law, the decision of the Veterans Court should be affirmed because it found, as a matter of fact, that any error in the Board's application of Section 3.156 is harmless. Therefore, any of the errors that Mr. Peterson is pressing here in this Court cannot change the outcome of the case below. Mr. Peterson argues that the Veterans Court or that the Board cannot get to the outcome determinative question without first properly applying 3.156. But as Mr. Peterson concedes, 3.156 does not go to the effective date of claim. Therefore, by itself, its application could not change the outcome of the case below. Rather, the Board had to look at the laws regarding effective dates, and the Board, as the Court has noted, did find that even considering that Mr. Peterson's claim was pending since 1967, because it was not factually ascertainable that he was entitled to unemployment until 1973, there's just no way for him to have TDIU going back any further than 1973. And this is because the effective date regulation, 3.400, provides that an effective date is established on the date that a claim is received or the date that entitlement arose, whichever is later. Even if Mr. Peterson is correct that the Veterans Court somehow did err in its interpretation of 7104 or 3.156, because the Veterans Court found that any error was harmless, and this is on page 4 of our Joint Appendix, there is no way for the outcome of this case to be any different than Mr. Peterson having received TDIU since 1973. That states, even assuming sentence. Excuse me. Even assuming. Yes. They specifically state, the Veterans Court said, even assuming that a TDIU claim was pending since 1967, which is Mr. Peterson's argument, an effective date prior to the date that the evidence first established that the appellant met the requirements for TDIU, June 27, 1973, was not available. In other words, the Board correctly determined that any error in determining when the appellant first filed for TDIU did not affect the outcome of the 1973 decision. If the Court has no further questions, we request that the decision below be affirmed. Thank you, Ms. Flicker. Mr. Carpenter. Your Honors, the problem with the harmless error analysis made by the Veterans Court is that it is predicated upon a misinterpretation, a clear misunderstanding, of the operation of 3.156. 3.156 is not relevant to the TDIU claim. What it is relevant to is whether or not his original claim for the initial rating assigned did or did not remain pending under the provisions of this regulation. This was the first time that Mr. Peterson had an opportunity to question whether or not that claim remained pending. There is no current procedure available within the VA to argue that your claim remains pending. You have to do it when there is a failure to apply. Even if it remained pending, wasn't it resolved by the clear record in this case? Only as to the question of effective date for the award of TDIU, Your Honor. But the pending claim, the government, respectfully, simply mischaracterizes, as did the Court below, that the claim pending here was the claim of TDIU. Mr. Peterson makes no allegation that he had a TDIU claim pending. He makes an allegation that his original claim for the maximum rating available under law was pending under the applicable provision of Law 3.156 because the VA had, in fact, within the applicable time period, received new and material evidence. It was up to the Board, based upon the specific allegation of Kew, to test that question, to examine the record to determine whether or not the evidence received did or did not render the original claim pending. He made no allegation and makes no allegation that he made a claim for TDIU, but simply that he had an ongoing claim that was pending and it was not resolved in 1973 because all that was resolved in 1973 was prospectively. There was no examination and no consideration of the provisions of 3.156c, which were required by law to have been afforded to Mr. Peterson. Unless there's further questions from the panel. Thank you very much, Your Honor. Thank you, Ms. Wager. That concludes the morning. All rise. The Honor declares adjournment until tomorrow morning at 10 a.m.